IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CYNTHIA D. DURRETT, DENNIS DURRETT, | § § § § § § § § § § § § | CIVIL ACTION NO. 2:18-CV-00332-JRG |
| *Plaintiffs*, | | |
| v. | | |
| WALMART, INC., | | |
| *Defendant*. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Walmart, Inc.'s ("Walmart") Motion to Transfer Venue (the "Motion") on an intra-district basis from the Marshall Division to the Tyler Division of this District. (Dkt. No. 3.) Having considered the Motion, the Court is of the opinion that it should be and hereby is **GRANTED** for the reasons set forth herein.

I. BACKGROUND

Plaintiffs Cynthia D. Durrett and Dennis Durrett (collectively "Plaintiffs" or "Durrett") filed suit against Defendant Walmart on August 1, 2018 in the Marshall Division of the Eastern District of Texas. (Dkt. No. 1.) Plaintiffs allege that on August 26, 2016, Mrs. Durrett "slipped on liquid that was on the floor" at a Walmart store located at 1311 S. Jackson, Jacksonville, Cherokee County, Texas. (*Id.* ¶6.) Mrs. Durrett subsequently underwent surgery and weeks of physical therapy at East Texas Medical Center Jacksonville. (*Id.*) Plaintiffs allege that Mrs. Durrett's injuries were the result of Walmart's negligence. (*Id.*) On September 5, 2018, Walmart moved to transfer venue to the Tyler Division of this District pursuant to 28 U.S.C. § 1404(a). (*Id.*

at 3.) Plaintiffs filed a response on September 18, 2018. (*Id. at* 5.) There has been no further briefing on the Motion.

## II. LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This inquiry "appl[ies] as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (internal citation omitted).

In determining whether to transfer venue, the court must first determine "whether the judicial district [or division] to which transfer is sought would have been a district [or division] in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). A diversity action may be brought in "a judicial district (1) in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28. U.S.C. § 1391(b). The venue statute does not distinguish between the divisions of a judicial district; so long as venue is proper in the district, a case may be filed in any division therein.

Once this threshold inquiry is met, the court analyzes public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *Volkswagen I*, 371 F.3d at 203. The private factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses;

(3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203 (internal citation omitted). The public factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* These factors are decided based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*").

To prevail on a motion to transfer under § 1404(a), the movant must show that transfer is "clearly more convenient" than the venue chosen by the plaintiff. *Id.* at 315. Absent such a showing, the plaintiff's choice of venue is to be respected. *Volkswagen II*, 545 F.3d at 315. When deciding a motion to transfer under § 1404(a), the court may consider undisputed facts outside of the pleadings such as affidavits or declarations, but it must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party. *See Sleepy Lagoon, Ltd., v. Tower Grp., Inc.*, 809 F. Supp. 2d 1300, 1306 (N.D. Okla. 2011); *see also Cooper v. Farmers New Century Ins. Co.*, 593 F. Supp. 2d 14, 18–19 (D.D.C. 2008).

### III.   ANALYSIS

Both parties concede that this case could have been filed in the Tyler Division. (Dkt. No. 3 at 4; Dkt. No. 5 at 2.) Therefore, the threshold requirement for transfer under § 1404(a) has been met. The Court now proceeds to analyze the private and public factors considered in determining whether transfer is appropriate.

### A. Private Interest Factors

#### i. Relative Ease of Access to Sources of Proof

When considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, are stored. *Volkswagen II*, 545 F.3d at 316. For this factor to weigh in favor of transfer, Walmart must show that transfer to the Tyler Division will result in more convenient access to sources of proof. *See Diem LLC v. BigCommerce, Inc.*, No. 6:17-cv-186, 2017 WL 6279907, at *2 (E.D. Tex. Dec. 28, 2017).

Walmart argues that "[a]long with the events and parties, all of the documents and physical evidence of this case are [] located in the Tyler Division." (Dkt. No. 3 at 4.) Plaintiffs and Defendant are residents of Jacksonville, Cherokee County, Texas and "[t]he events giving rise to Plaintiff's claims all occurred at Walmart Store #180 [which is also] in Jacksonville, Cherokee County, Texas." (*Id.*) Jacksonville, Cherokee County, Texas is located in the Tyler Division of the Eastern District of Texas. (*Id.*) Plaintiffs provide no counterarguments.

Since all of the events giving rise to Plaintiffs' injuries arose in the Tyler Division and Defendant proffers that all physical evidence is located therein with no rebuttal from Plaintiffs, the Court finds this factor weighs in favor of requested intra-district transfer. *Radmax*, 720 F.3d at 288.

#### ii. Availability of Compulsory Process

The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *In re Volkswagen II*, 545 F.3d at 216. A

district court's subpoena power is governed by Federal Rule of Civil Procedure 45. For purposes of § 1404(a), there are three important parts to Rule 45. *See VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-cv-00011, 2014 WL 459719, at *4 (E.D. Tex. Jan. 31, 2014) (explaining 2013 amendments to Rule 45). First, a district court has subpoena power over witnesses that live or work within 100 miles of the courthouse. Fed. R. Civ. P. 45(c)(1)(A). Second, a district court has subpoena power over residents of the state in which the district court sits—a party or a party's officer that lives or works in the state can be compelled to attend trial, and non-party residents can be similarly compelled as long as their attendance would not result in "substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(i)–(ii). Third, a district court has nationwide subpoena power to compel a non-party witness's attendance at a deposition within 100 miles of where the witness lives or works. Fed. R. Civ. P. 45(a)(2), 45(c)(1).

Neither party addressed this factor in its brief. All of the events giving rise to this action allegedly occurred at Defendant's store in the Tyler Division, and thus, most, if not all, of the likely witnesses in this case either live or work therein. Since Tyler is within 100 miles of Marshall, most of these witnesses will be within the subpoena power of either court. As such, the Court finds this factor is neutral.

### iii. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1342 (Fed. Cir. 2009). "When the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* at 1343 (citing *Volkswagen II*, 545 F.3d at 317).

5

Walmart argues that "Tyler, Texas is roughly 45.5 miles closer to the witnesses and the location of the events giving rise to the claims in this case as well as the Plaintiffs' residence" and therefore "Tyler is more convenient to the parties as well as the witnesses in contrast to Marshall." (Dkt. No. 3 at 6.) Walmart further argues that transfer would be more convenient for Plaintiffs' counsel, who are located in the Tyler Division. (*Id.* at 7.)

Plaintiffs argue that Marshall is more convenient for Defendant and its counsel, which are located in Bentonville, Arkansas and Longview, Texas, respectively, and both of which are located closer to Marshall than Tyler. (Dkt. No. 5 at 3.) Plaintiffs also argue that Defendant has failed to name any actual witnesses that would suffer prejudice if transfer was denied. (*Id.*) Plaintiffs explain that "[a]ny witnesses likely to be called by defendant . . . would be traveling from Jacksonville, Texas, [Plaintiffs' residence and location of the alleged incident,] or Bentonville, Arkansas, [Walmart's corporate headquarters, and] [t]he differences in travel time between those destinations and Marshall [] versus Tyler [] would not be significant." (*Id.* at 3–4.) Plus, "it seems unlikely that any witness will have to be present for more than one day of trial, rendering any overnight stay moot." (*Id.*) Plaintiffs further assert that while Tyler is closer to their residence in Jacksonville, they chose to file suit in Marshall, and as such, "[d]efendant cannot assert plaintiff's inconvenience in support of a motion to transfer." (*Id.* at 3.)

On balance, the Court finds that this factor is neutral. Aside from the Plaintiffs and each party's respective counsel,[1] neither side names any specific witnesses that would support or rebut transfer under this factor. The Court notes that the events in this case allegedly occurred at Defendant's store in Jacksonville, which is closer to Tyler. Most, if not all, of the witnesses to the incident likely work or reside in Jacksonville, which would weigh in favor of transfer. "Defendant

---

[1] To be clear, a party's counsel is not a "witness" for purposes of this analysis.

[however] has named no [actual] witnesses, non-party or otherwise, to illustrate the inconvenience they would suffer" if transfer was denied. (Dkt. No. 5 at 3.) Defendant has the burden of showing that transfer is "clearly more convenient" for willing witnesses and the Court will not assume that Tyler is more convenient simply because Plaintiffs' claims stem from acts that allegedly occurred in the Tyler Division.

### iv. All Other Practical Problems

Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-cv-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010), *aff'd In re Google, Inc.*, 412 Fed. Appx. 295 (Fed. Cir. 2011). Walmart argues that "no discovery has been conducted, no scheduling order has been entered, no conference has been scheduled, and the case is not set for trial" and "[a]s such, none of the parties will be prejudiced due to a time delay if the case is transferred to the Tyler Division." (Dkt. No. 3 at 7.) Plaintiffs argue that Defendant "has not identified any administrative difficulties in delay . . . that would ensue should the case [] remain in the Marshall Division." (Dkt. No. 5 at 4.) With no separate basis to support judicial economy or some other practical problem which would result from transfer, the Court finds that this factor is neutral.

### B. Public Interest Factors

#### i. Administrative Difficulties Flowing From Court Congestion

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *Genentech*, 566 F.3d at 1347. Walmart argues that while "it is in no position to advise the Court on the state of the respective dockets for the Marshall and

7

Tyler Divisions," "[f]iling cases without any rational relationship to the Division, [as here], could create congestion beyond its judicial resources." (Dkt. No. 3 at 7.) Plaintiffs argue that Defendant "has not identified any . . . court congestion that would ensue should the case [] remain in the Marshall Division." (Dkt. No. 5 at 4.)

Neither party addressed in detail any administrative difficulties flowing from court congestion. Since the Court is "unaware of any [] that would arise from transferring or retaining th[e] case," the Court finds this factor is neutral. *Radmax*, 720 F.3d at 289.

### ii. Local Interest in Having Localized Interests Decided at Home

Walmart argues that citizens in the Tyler Division have a strong interest in resolving this case and it would be unfair to burden the citizens of Marshall with adjudicating a dispute in which they have no corresponding interest. (Dkt. No. 3 at 7–8.) Plaintiffs argue that since "defendant conducts business in the Marshall Division as well as the Tyler Division, the citizens of Marshall have just as strong an interest in resolving this controversy as do those in Tyler." (Dkt. No. 5 at 4.)

Here, Plaintiffs allege that their injury occurred in Jacksonville, which is in the Tyler Division, and as such, the Tyler Division has more local interest in this case than the Marshall Division. *Radmax*, 720 F.3d at 289. Ordinarily, this factor would weigh only slightly in favor of a transfer given the deference afforded to plaintiffs' choice of venue. *Id.* (internal citation omitted). The Fifth Circuit has noted, however, that "the traditional deference given to plaintiff's choice of forum . . . is less for intra-district transfers." *Id.* (internal quotation marks and citation omitted). This is especially so when there is no nexus between the plaintiff's choice of forum and the parties, witnesses, or facts of the case. *Id.* at 290 (stating that courts are ill-advised to deny transfer "where only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection

8

to the transferor forum and virtually all of the events and witnesses regarding the case. . . are in the transferee forum") (internal citation omitted). Accordingly, the Court finds that this factor weighs in favor of transfer.

### iii. Familiarity of the Forum with the Governing Law

Neither party addressed this factor in its brief. The Court finds that both the Tyler and Marshall Divisions are equally capable of applying the relevant law and finds that this factor is neutral. *Radmax*, 720 F.3d at 289.

### iv. Avoidance of Unnecessary Conflicts of Law

Neither party addressed this factor in its brief. The Court finds that transfer would not present a conflict of law issue and finds this factor neutral. *Id.* at 290.

## IV. CONCLUSION

"The facts and circumstances of this case are wholly grounded in the transferee forum (the Tyler Division), which is a clearly more convenient venue, and this case has no connection to the Marshall Division." *Id.* Accordingly, the Court finds that transfer is appropriate and Defendant's Motion to Transfer, (Dkt. No. 3), on an intra-district basis is **GRANTED**. It is hereby **ORDERED** that the above-captioned case is **TRANSFERRED** to the Tyler Division of the Eastern District of Texas. However, the undersigned shall remain as the presiding judge herein. Otherwise, the Clerk of the Court shall take such steps as are needed to effectuate this intra-district transfer.

**So ORDERED and SIGNED this 31st day of October, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE